UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JAMES RAGLAND, | ) | |
| Petitioner, | ) ) ) | No. 5:23-CV-77-REW |
| v. | ) ) | OPINION AND ORDER |
| WARDEN DAVID PAUL, | ) ) ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner James Ragland is incarcerated at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Ragland filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the Federal Bureau of Prisons (BOP) improperly calculated his release date. *See* DE 1. This matter is before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny Ragland's petition without prejudice because he has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) ("Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241.").

There is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has twenty days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Office, which has thirty days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Office's response, he may use a

1

BP-11 Form to appeal to the General Counsel, who has forty days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

Here, it is plainly apparent that Ragland has not yet fully exhausted his administrative remedies. While Ragland indicates that he completed the BP-8 and BP-9 steps and then filed a BP-10 Form with the Regional Office, he admits that the Regional Office has not (as of filing) yet responded to his appeal. *See* DE 1 at 6-7. The record makes it clear that the Regional Office still has time to do so. The Regional Office received Ragland's BP-10 Form on January 24, 2023, *see* DE 1-3 at 9, and, as a result, it had 30 days—i.e., until February 23, 2023—to respond. *See* 28 C.F.R. § 542.18. The Regional Office then sent Ragland a written submission saying that it needed additional time to respond to his appeal and, thus, was extending its time to respond by 30 days—*i.e.*, until March 25, 2023. DE 1-3 at 9. While Ragland now complains that the "Regional Office requested an extention [sic] until March 25, 2023" to respond to his BP-10 Form, *see* DE 1 at 7, the Code of Federal Regulations allows for such an extension. *See* 28 C.F.R. § 542.18 (stating that "the time for a response may be extended once by . . . 30 days at the regional level . . . [and] [s]taff shall inform the inmate of this extension in writing"). In short, the BP-10 stage is ongoing. And, in any event, Ragland has not started the BP-11 step, which would be necessary should the Regional Office deny his appeal.

Where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading itself, *sua sponte* dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** DE 1, Ragland's § 2241 petition, **WITHOUT PREJUDICE**; and

2

2. The Court **STRIKES** this matter from its active docket.

The Court will enter an appropriate judgment.

This the 23rd day of March, 2023.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge